## Galliford's Estate

*Herbert H. Hawkins*, for petitioners.
*John* and *Alexander B. Gilfillan*, for exceptants.

TRIMBLE, P. J., December 16, 1936.—The question is: Has an inquest in partition power to make an award of purparts of equal value to the parties corresponding to their interests which will become final upon confirmation by the court when the return is made, as required by section 8 of the Orphans' Court Partition Act of June 7, 1917, P. L. 337, or, upon application by any interested party, may the court grant a rule to accept or refuse the purparts?

In the petition for partition it appears that Annie G. Galliford died testate on April 21, 1921. She devised to her husband a life estate with power of consumption and a gift over of the remainder to her children, five in number, and Annie V. Adams, a daughter, "is always to have the use of the spring for water witch she has piped to her spring house."

William Galliford, the husband of testatrix, died testate on August 13, 1934. He devised his estate to the five children of himself and Annie G. above mentioned, charged with the payment of $500 to his granddaughter, Laura Belle Galliford, and subject to Annie's right to the use of the spring. He owned other real estate than that devised to him by his wife, Annie G. Galliford, which accounts for joining the two estates in one partition proceeding.

Judgment in partition was duly entered by the orphans' court as follows:

"It is ordered, adjudged, and decreed that partition and valuation of the real estate described in the petition be had among the parties entitled thereto; that said parties and their respective interests therein are hereby adjudged and decreed as follows:

"(a) To Annie V. Adams, an undivided one-fifth part therein,

"(b) To Mary Grace Leppla, an undivided one-fifth part therein,

"(c) To Howard O. Galliford, an undivided one-fifth part therein,

"(d) To William T. Galliford, an undivided one-fifth part therein,

"(e) To Elizabeth G. Douglass, an undivided one-fifth part therein."

An inquest in partition was awarded "to make partition and valuation to and among said parties, if the same can be done without injury or prejudice to or spoiling the

whole; and if not, said inquest shall value and appraise said real estate and make return thereof to this court."

The inquest in its amended return divided the land described in the writ into five purparts and valued and allotted them respectively as follows:

Purpart A, $1,182.14, to William T. Galliford;
Purpart B, $1,457.29, to Mary Grace Leppla;
Purpart C, $1,174.05, to Annie V. Adams;
Purpart D, $1,220.09, to Howard O. Galliford;
Purpart E, $1,100.00, to Elizabeth G. Douglass.

One purpart was charged with the payment of owelty to equalize the value of the five.

Since the return of the inquest the parties have agreed, first, "that Annie V. Adams is to have the use of water from a spring located on purpart B shown on the plan attached to the sheriff's return of inquest, while said purpart is owned by any one of said heirs"; second, that the legacy bequeathed by William Galliford to Laura Belle Galliford "shall be paid in equal shares by all of the parties in interest in the same manner as the costs of this proceedings," which will be $500 with interest; and third, "that for the purpose of decision of the question raised by the exceptants the value of the different purparts into which the estate has been divided may be treated as equal."

Partition in the orphans' courts of Pennsylvania is now under the Orphans' Court Partition Act of June 7, 1917, P. L. 337, 20 PS §1181 et seq. The power to partition land is either in commissioners or an inquest who, under section 8 of this act, allot purparts among the parties entitled in accordance with their respective interests, whether such interests be equal or otherwise, if the same can be done without prejudice to or spoiling the whole. The commissioners appointed to codify and revise the law of decedents' estates, in their report of 1917, say, inter alia, at page 295, "This is a new section, declaratory of the existing law and introduced for the sake of completeness."

Mr. Justice Sterrett said, in the year 1884, for the Supreme Court, in Wistar's Appeal, 105 Pa. 390, 396:

"Doubtless the reason of this [allotment by the inquest] is, that where the joint possession can be severed, without prejudice, by giving to each party a portion of the estate corresponding in value with his interest therein, the necessity for an appraisement does not exist, and actual partition can be so far effected by the inquest or commissioners as to require nothing more than the final judgment or confirmation of the court under whose supervision the proceedings are conducted."

There is support for this procedure in Sampson's Appeal, 4 W. & S. 86; Giffin's Estate, 13 Pitts. (N. S.) 60 (30 Pitts. (O. C.) 60); and Sanders' Estate, 41 Pa. Superior Ct. 77, 86.

Under section 9(a), (b), and (c), of the Orphans' Court Partition Act of 1917, supra, the inquest exhausts its power by making a return to the court showing purparts or a single purpart justly appraised. Confirmation of the return and all further proceedings are judicial.

Section 11 of the act is as follows:

"In all cases of appraisement or partition mentioned in sections eight and nine of this act, the orphans' court shall, on application, grant a rule on all persons interested . . . to come into court . . . to accept or refuse the estate, or a share or portion thereof, as the case may be. . . . ."

Section 12 of the act provides that when a valuation has been made of the whole or parts of the real estate allotment to the highest bidder shall be made: ". . . at the return of the rule to accept or refuse to take at the valuation," and on failure to obtain a higher price, allotment at the valuation shall be made or a sale directed.

Exceptants claim the right to accept or refuse purparts. Wistar's Appeal, supra, and section 8 of the present Orphans' Court Partition Act of 1917, supra, establish the same rule. Both sustain the right of the inquest to

allot purparts to become absolute upon confirmation by the court. The provisions of section 8, supra, and the rule of Wistar's Appeal and like cases cited are in harmony when the allotment of purparts by the inquest is acceptable to the parties in interest, but when any of them does not wish to accept a purpart, section 11, supra, and the procedure established by those cases are antinomic, for that section declares that in all cases of appraisement and partition in sections 8 and 9 of the orphans' court shall, on application, grant a rule "to accept or refuse the estate, or a share or portion thereof." The reasonable construction of the act is that under section 8 the power of allotment by the inquest is final when confirmed by the court and there is no application to the court for a rule to accept or refuse under section 11. But when application has been made by any party in interest for a rule to accept or refuse purparts, the court, under section 11, is required to grant it.

Without the stipulation by all the parties in interest, it would be necessary to set aside the return of the inquest as amended and direct a substitute: Galbraith v. Galbraith, 6 Watts 112; Morris v. Galbraith, 8 Watts 166; but with the stipulation before us the court may do what would necessarily be done by the inquest if the return were set aside. The amended return of the inquest shall be further amended in accordance with the stipulation filed so that Annie may have the use of water from the spring on purpart B "while said purpart is owned by any one of said heirs"; $500 with interest due to Laura Belle Galliford as a legacy shall be taxed in the same manner as costs and, upon payment of the same, shall be in full satisfaction of said legacy; and all of said purparts may be of equal value. When so amended by the court and within 10 days after notice of confirmation nisi of the return as amended, an application may be made by any party interested for a rule to accept or refuse the purparts.